made no such finding and refused to consider the contention on the ground that the regulations precluded re-opening the classification except for a change of circumstances over which he had no control and that conscientious objection apperceived after an order to report for induction is not such a change in status.

I also respectfully disagree with the majority's interpretation of appellant's request for reclassification as a conscientious objector. The opinion does not consider his communication dated March 9, which makes clear his contention in the following language: "There are several reasons why I feel that you should find that there has been a change in my status resulting from circumstances of which I had no control. But without a hearing it would be impossible for you to know these facts."

I find no basis for the comment in the majority opinion that appellant's objection to serving in an ROTC unit while in college is inconsistent with the subsequent maturing of an awareness of conscientious objection. Reference to his completed Form 150 indicates the following: "ROTC on West Va. State Campus because I was required and forced to join; I objected then, and would not join now if in the same situation under any circumstances." This position is consistent with an evolving awareness of religious scruples which culminated in a matured, ripened conviction of conscientious objection after receipt of the induction notice. At the very least, appellant should have been afforded a hearing to determine whether there had been a bona fide change of status because of a change of conscience over which he had no control and occurring after the notice to report was mailed. Alternatively, since there is no suggestion that the Draft Board disbelieved appellant and since its decision was based upon its supposed and erroneous inability to regard the maturing of his conscientious objection as a circumstance beyond his control, the indictment should be dismissed. I would reverse.

Joel **FELBERBAUM** et al., Appellants,

v.

Major General V. J. **MacLAUGHLIN,**
Appellees.

No. 12807.

United States Court of Appeals
Fourth Circuit.

Oct. 9, 1968.

Philip J. Hirschkop, Alexandria, Va., and Michael J. Kunstler, New York City, for appellants.

Michael Morchower and David Lowe, Asst. U. S. Attys., for appellees.

Before HAYNSWORTH, Chief Judge, and BUTZNER and WINTER, Circuit Judges.

PER CURIAM:

The appellants' army reserve units were ordered to active duty under Public Law 89–687, 80 Stat. 980. In Morse v. Boswell, 4th Cir., August 26, 1968, 401 F.2d 544, we denied relief to other reservists similarly situated. Additionally, we conclude that 10 U.S.C. § 673a did not by implication either repeal or render void Public Law 89–687.

The appellees' motion for summary affirmance of the district court's order denying the issuance of writs of habeas corpus is granted.

Judgment affirmed.

**Thomas W. McARTHUR et al., Appellants,**

v.

**Clark CLIFFORD, etc., et al., Appellees.**

No. 12816.

United States Court of Appeals
Fourth Circuit.

Oct. 9, 1968.

Certiorari Denied Dec. 16, 1968,
See 89 S.Ct. 487.

Philip J. Hirschkop, Alexandria, Va., and Lawrence R. Velvel, Lawrence, Kan., for appellants.

Michael Morchower and David Lowe, Asst. U. S. Attys., for appellees.

Before HAYNSWORTH, Chief Judge, and BUTZNER and WINTER, Circuit Judges.

PER CURIAM:

The appellants' army reserve units were ordered to active duty under Public Law 89–687, 80 Stat. 980. In Morse v. Boswell, 4th Cir., August 26, 1968, 401 F.2d 544, we denied relief to other reservists similarly situated. Additionally, we conclude that 10 U.S.C. § 673a did not by implication either repeal or render void Public Law 89–687.

The appellees' motion for summary affirmance of the district court's order denying the issuance of writs of habeas corpus is granted.

Judgment affirmed.

**Francis Alfred KING, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 22220.

United States Court of Appeals
Ninth Circuit.

Oct. 17, 1968.

